UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| KLOECKNER METALS CORPORATION<br>f/k/a NAMASCO CORPORATION,<br>a Delaware corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>PORTS OF INDIANA f/k/a INDIANA PORT<br>COMMISSION, an Indiana corporate entity,<br>and ESTATE PRODUCTS, INC. f/k/a Scansteel<br>Service Center, Inc., an Indiana corporation,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 4:15-cv-92-TWP-WGH<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER ON PLAINTIFF'S NOTICE OF INTENT AND REQUEST
FOR LEAVE TO DEPOSIT RENT PAYMENTS INTO COURT**

This matter is before the Court on Plaintiff Kloeckner Metals Corporation's ("KMC") Notice of Intent and Request for Leave to Deposit Rent Payments Into Court, filed July 28, 2015.  (Filing No. 10.)  KMC brings this Complaint for Declaratory Judgment seeking a declaration that it is not in default of its leasehold obligations with respect to property located at the Ports of Indiana ("the Port") in Jeffersonville, Indiana.  Attached to its Complaint is a copy of the master Lease Agreement ("Master Lease") at issue.  The Master Lease was assigned and ultimately Defendant Estate Products, Inc. ("Estate Products") agreed to sublease the relevant premises that are the subject of the Master Lease.  Estate Products then further sublet the premises to KMC.

For the following reasons, the Court **DENIES** the Request for Leave to Deposit Rent Payments Into Court.

In its Complaint, KMC's alleges that on November 1, 2007, Estate Products entered into an agreement with KMC to sublease the Demised Premises for a 15-year period through October 31, 2022. Pursuant to the terms of the Sublease, KMC is required to pay to Estate Products a monthly rent of $35,928.58 and to pay to the Port additional rent due under the Master Lease. At the time of the filing of the Notice/Request, KMC was current on the rent due on the Demised Premises. Notwithstanding the payment of rent, apparently the Port and Estate Products have declared KMC to be in default of certain sections of the Master Lease. Specifically, the allegation of default is that KMC has violated Subsections 12.01(g) and (h) by vacating or abandoning the Demised Premises, or by failing to actively employ at least 40 full-time workers, or by failing to invest a certain amount of money into what is described as "the Project."

In the Notice/Request currently pending before this Court, KMC invokes the provisions of Rule 67 of the Federal Rules of Civil Procedure and asks to deposit into the Court its monthly rental obligation. KMC argues that "[i]n the event the Court finds a default of the Master Lease, the Port ... would arguably have the right to '[t]erminate this Lease ….,' including potentially the right of Estate Products to receive rent payments pursuant to Section 3(a) and (b) of the Sublease." Additionally, KMC argues that if this Court should find there is a default, the Sublease would terminate and KMC would have no further obligations thereunder, including the payment of rents to Estate Products and to the Port. (Filing No. 10 at ECF p. 2.)

Federal Rule of Civil Procedure 67, titled "Deposit into Court," provides, in part:

2

(a) Depositing Property.  If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it.  The depositing party must deliver to the clerk a copy of the order permitting deposit.

This Court agrees with Defendants in this case that Rule 67 is not applicable to KMC's Request.  Specifically, no part of the relief sought by KMC in this case is a money judgment.  Neither does the Complaint plead that there is a dispute between the two Defendants in this case as to which Defendant is entitled to payment of the rent for current ongoing obligations.  Pursuant to the express terms of the Master Lease and Sublease, KMC is obligated to make rent payments to both of the Defendants.  Regardless of the outcome of this suit, KMC is obligated to make rent payments for its current use of the facility, at least until such time as the Court has determined that the Master Lease is no longer in effect.  Because rent payments in this case are not disputed funds, the Federal Rule of Civil Procedure 67(a) procedure is inapplicable, and the Request for Leave to Deposit Rent Payments Into Court (Filing No. 10) is **DENIED.**

**SO ORDERED.**

Date:  9/8/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Andrew J. Miroff
ICE MILLER LLP
drew.miroff@icemiller.com

Mark R. Alson
ICE MILLER LLP
mark.alson@icemiller.com

Christine Hajduch Hall
LEWIS BRISBOIS BISGAARD & SMITH
christine.hall@lewisbrisbois.com

Gregory M. Reger
LORCH NAVILLE WARD LLC
greger@lnwlegal.com

J. David Agnew
LORCH NAVILLE WARD LLC
dagnew@lnwlegal.com

Bruce Benjamin Paul
STITES & HARBISON, LLP
bpaul@stites.com

William R. Meyer, II
STITES & HARBISON, LLP
rmeyer@stites.com